UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| JUSTIN P.,[1] | : | Case No. 3:21-cv-325 |
| | : | |
| Plaintiff, | : | Magistrate Judge Peter B. Silvain, Jr. |
| | : | (by full consent of the parties) |
| vs. | : | |
| | : | |
| COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION, | : | |
| | : | |
| | : | |
| Defendant. | : | |

## DECISION AND ENTRY

Plaintiff Justin P. brings this case challenging the Social Security Administration's denial of his applications for period of disability, Disability Insurance Benefits, and Supplemental Security Income. The case is before the Court upon Plaintiff's Statement of Errors (Doc. #8), the Commissioner's Memorandum in Opposition (Doc. #10), Plaintiff's Reply (Doc. #11), and the administrative record (Doc. #7).

**I.  Background**

The Social Security Administration provides Disability Insurance Benefits and Supplemental Security Income to individuals who are under a "disability," among other eligibility requirements. *Bowen v. City of New York*, 476 U.S. 467, 470 (1986); *see* 42 U.S.C. §§ 423(a)(1),

---

[1] The Committee on Court Administration and Case Management of the Judicial Conference of the United States has recommended that, due to significant privacy concerns in social security cases, federal courts should refer to plaintiffs only by their first names and last initials. *See also* S.D. Ohio General Rule 22-01.

1382(a). The term "disability" encompasses "any medically determinable physical or mental impairment" that precludes an applicant from performing "substantial gainful activity." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A); *see Bowen*, 476 U.S. at 469-70.

In the present case, Plaintiff protectively applied for benefits in August 2019, alleging disability due to several impairments, including Crohn's disease; major depressive disorder; anxiety; osteoarthritis; adjustment disorder with mixed emotional features; borderline personality traits; polymyalgia; chronic back pain; osteopenia; and high cholesterol. (Doc. #7-6, *PageID* #423). After Plaintiff's applications were denied initially and upon reconsideration, he requested and received a hearing before Administrative Law Judge (ALJ) Heidi Southern. On April 22, 2020, the ALJ issued a decision finding that Plaintiff was not disabled within the meaning of the Social Security Act. (Doc. #7-3, *PageID* #s 176-94). The Appeals Council granted Plaintiff's request for review and remanded the matter for further proceedings. *Id.* at 200-04.

On remand, the claim was again assigned to ALJ Southern, who held a second hearing on June 7, 2021. (Doc. #7-2, *PageID* #56). Thereafter, the ALJ issued a written decision, addressing each of the five sequential steps set forth in the Social Security Regulations. *See* 20 C.F.R. §§ 404.1520, 416.920.[2] The ALJ reached the following main conclusions:

Step 1: Plaintiff has not engaged in substantial gainful activity since June 6, 2016, the alleged onset date.

Step 2: He has the following severe impairments: degenerative disc disease, osteoarthritis, chronic pain syndrome, fibromyalgia, osteopenia, Crohn's disease, colitis, history of atrial fibrillation, history of bilateral cubital tunnel syndrome with status/post 2016 bilateral release, history of right 12th rib fracture, obesity, depressive disorder, and anxiety disorder.

---

[2] The remaining citations will identify the pertinent Disability Insurance Benefits Regulations with full knowledge of the corresponding Supplemental Security Income Regulations.

Step 3: Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one in the Commissioner's Listing of Impairments, 20 C.F.R. Part 404, Subpart P, Appendix 1.

Step 4: His residual functional capacity (RFC), or the most he could do despite his impairments, *see Howard v. Comm'r of Soc. Sec.*, 276 F.3d 235, 239 (6th Cir. 2002), consist of "light work … with the following exceptions: No more than frequent handling, fingering, or reaching in all directions with the bilateral upper extremities. No more than frequent balancing. No more than occasional stooping, kneeling, crouching, crawling, or climbing of ramps and stairs. No climbing of ladders, ropes, or scaffolds. No exposure to unprotected heights or moving mechanical parts. [Plaintiff] is restricted to indoor work with ready access to a restroom. [Plaintiff] is limited to performing simple, routine, and repetitive tasks. [Plaintiff] is unable to perform work at a production-rate pace, such as assembly line work, but can perform goal-oriented work, such as office cleaner work. No more than occasional contact with supervisors and co-workers, but no teamwork, tandem tasks, or over-the-shoulder supervision. No contact with the general public as part of job duties. No more than occasional changes in an otherwise routine work setting."

Plaintiff is unable to perform his past relevant work.

Step 5: Considering Plaintiff's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that he can perform.

(Doc. #7-2, *PageID* #s 36-48). Based on these findings, the ALJ concluded that Plaintiff has not been disabled since June 6, 2016. *Id.* at 49.

The evidence of record is adequately summarized in the ALJ's decision (Doc. #7-2, *PageID* #s 36-46), Plaintiff's Statement of Errors (Doc. #8), the Commissioner's Memorandum in Opposition (Doc. #10), and Plaintiff's Reply (Doc. #11). To the extent that additional facts are relevant, they will be summarized in the discussion section below.

## II. **Standard of Review**

Judicial review of an ALJ's decision is limited to whether the ALJ's finding are supported by substantial evidence and whether the ALJ applied the correct legal standards. *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009) (citing *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997)); *see Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 745-46 (6th Cir. 2007). Substantial evidence is such "relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Gentry v. Comm'r of Soc. Sec.*, 741 F.3d 708, 722 (6th Cir. 2014) (citing *Rogers v. Comm'r of Soc. Sec.,* 486 F.3d 234, 241 (6th Cir.2007)). It is "less than a preponderance but more than a scintilla." *Id.*

The second judicial inquiry—reviewing the correctness of the ALJ's legal analysis—may result in reversal even if the ALJ's decision is supported by substantial evidence in the record. *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009). Under this review, "a decision of the Commissioner will not be upheld where the [Social Security Administration] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives [Plaintiff] of a substantial right." *Bowen*, 478 F.3d at 746 (citing *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 546-47 (6th Cir. 2004)).

## III. **Discussion**

In his Statement of Errors, Plaintiff argues that the ALJ's RFC determination fails to adequately account for Plaintiff's Crohn's disease symptoms and his hand and arm use limitations. (Doc. #8, *PageID*#s 2562-64). The Commissioner maintains that the ALJ's decision is supported by substantial evidence. (Doc. #10, *PageID* #s 2571-80).

### A. Plaintiff's Residual Functional Capacity

An individual's RFC "is defined as the most [he] can still do despite the physical and mental limitations resulting from [his] impairments." *Poe v. Comm'r of Soc. Sec.*, 342 F. App'x 149, 155 (6th Cir. 2009). *See also* 20 C.F.R. § 404.1545(a). The determination of RFC is an issue reserved to the Commissioner. 20 C.F.R. § 404.1527(e). Nevertheless, substantial evidence must support the Commissioner's RFC finding. *Berry v. Astrue*, No. 1:09CV000411, 2010 WL 3730983, at *8 (S.D. Ohio June 18, 2010) (Hogan, M.J.), *report and recommendation adopted*, No. 1:09CV411, 2010 WL 3730981 (S.D. Ohio Sept. 8, 2010) (Dlott, D.J.). When considering the medical evidence and assessing an RFC, "ALJs must not succumb to the temptation to play doctor and make their own independent medical findings." *Simpson v. Comm'r of Soc. Sec.*, 344 F. App'x 181, 194 (6th Cir. 2009) (quoting *Rohan v. Chater*, 98 F.3d 966, 970 (7th Cir. 1996)); *see also Isaacs v. Astrue*, No. 1:08–CV–00828, 2009 WL 3672060, at *10 (S.D. Ohio Nov. 4, 2009) (holding that an "ALJ may not interpret raw medical data in functional terms") (internal quotations omitted).

An ALJ is required to explain how the evidence supports the limitations that she sets forth in the plaintiff's RFC:

> The RFC assessment must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (*e.g.*, laboratory findings) and nonmedical evidence (*e.g.*, daily activities, observations). In assessing RFC, the adjudicator must discuss the individual's ability to perform sustained work activities in an ordinary work setting on a regular and continuing basis (*i.e.*, 8 hours a day, for 5 days a week, or an equivalent work schedule), and describe the maximum amount of each work-related activity the individual can perform based on the evidence available in the case record. The adjudicator must also explain how any material inconsistencies or ambiguities in the evidence in the case record were considered and resolved.

Soc. Sec. R. 96–8p, 1996 WL 374184, at *6–7 (July 2, 1996) (internal footnote omitted).

As noted previously, Plaintiff's challenges to the ALJ's decision stems from the omission of limitations related to his Crohn's disease and colitis as well as his bilateral cubital tunnel syndrome. (Doc. #8, *PageID* #s 2562-64). Because the ALJ's failure to adequately account for Plaintiff's Crohn's disease and colitis constitutes reversible error, Plaintiff's other alleged errors need not be addressed.

In asserting that ALJ Southern failed to adequately account for his Crohn's disease and colitis symptoms, Plaintiff argues that the ALJ's limitation that Plaintiff be restricted to indoor work with ready access to the restroom" only superficially accounts for his symptoms. (Doc. #8, *PageID* #2562). Specifically, Plaintiff points out that this limitation fails to address the amount of time that Plaintiff would be permitted to be away from his workstation to actually take advantage of the accessible restroom. *Id*. at 2562-63.

Plaintiff's argument is well taken. In her decision, ALJ Southern found that Plaintiff's Crohn's disease and colitis constituted severe impairments. (Doc. #7-2, *PageID* #37). Here, she recognized that Plaintiff was diagnosed and treated for Crohn's disease, colitis, and abdominal pain on numerous occasions between September 2018 and March 2021. *Id*. at 38 (citing Doc. #7-12, *PageID* #s 2404, 2419, 2454, 2475-76, 2495, 2500, 2518). She further noted Plaintiff's hearing testimony that he "goes to the restroom up to seven times a day, for between five and twenty minutes at a time" and that because of these symptoms and associated pain, he often has difficulty getting out of bed. *Id*. at 44. As a result, in formulating the RFC, ALJ Southern provided that "[g]iven the frequent nature of [Plaintiff's] need to use a restroom, the undersigned finds that it

would be unreasonable to require him to work in an environment that would not give him ready access to such facilities." *Id*.

Under these circumstances, however, providing that Plaintiff have "ready access to a restroom," without more, fails to provide meaningful information about Plaintiff's work limitations and abilities. Indeed, this Court has frequently found this to be an impermissibly vague limitation. *See e.g.*, the *Litz v. Commssioner of Soc. Securty Admin*., No. 3:18-CV-00215, 2019 WL 6877649, at *7 (S.D. Ohio Dec. 17, 2019) (Ovington, M.J.) ("The ALJ's finding that Plaintiff's [RFC] included work that allowed 'ready access to restrooms' without further exploration falls short of a reasonably specific finding."); *Sherrill v. Comm'r of Soc. Sec.*, 1:13cv276, 2014 WL 1338114, at *7 (S.D. Ohio 2014) (Litkovitz, M.J.) (describing the work limitation of "ready access to restrooms" as "vague") *Report and Recommendation adopted* 2014 WL 1672926 (S.D. Ohio 2014) (Barrett, D.J.).

In this case, the lack of specificity provided by this limitation is apparent by the number of questions it leaves unanswered. For example, despite Plaintiff's testimony that he uses the restroom up to seven times a day for between five and twenty minutes at a time, ALJ Southern failed to specify whether Plaintiff's "ready access to a restroom" would include a certain number of bathroom breaks or whether he would be limited in the duration of such breaks. Similarly, in formulating the RFC, ALJ Southern failed to adequately define what she intended to be encompassed in her reference to his need to have "ready" access to a restroom. That is, does "ready" access refer simply to the proximity of an on-site restroom, or does it also address the urgency of his condition such that he would be permitted to step away from his workstation at any

time to use the restroom? These unspecified details are especially relevant in light of Plaintiff's testimony related to these symptoms as well as the nature of Crohn's disease. *See Jeff D. v. Saul,* No. 2:19-CV-00233-RHW, 2021 WL 2336951, at *3 (E.D. Wash. June 8, 2021) ("[I]t is reasonable that a person with Crohn's disease does not decide when to go to the bathroom."). As such, in failing to address these issues, the ALJ erred in formulating an RFC that adequately accommodated Plaintiff's Crohn's disease and colitis symptoms.

This failure is particularly significant given that both vocational experts testified that having two additional fifteen-minute breaks outside of the standard break period would be work preclusive. (Doc. #7-2, *PageID* #s 79-80, 112). Thus, even if ALJ Southern did not find Plaintiff's Crohn's disease and colitis symptoms fully credible, she should have made a specific finding regarding whether these conditions would cause additional breaks during the workday, since the vocational experts had testified that two additional fifteen-minute breaks would be work preclusive. *See e.g., Pelphrey v. Comm'r of Socal Sec.*, No. 3:14-CV-303, 2015 WL 7273110, at *5 (S.D. Ohio Nov. 18, 2015) (Newman, M.J.), *report and recommendation adopted sub nom. Pelphrey v. Comm'r of Soc. Sec.*, No. 3:14CV303, 2016 WL 1109094 (S.D. Ohio Mar. 21, 2016) (Rice. D.J.) (Holding that the, in light of the vocational expert's testimony regarding the effect of frequent bathroom breaks, the ALJ should specifically addressed whether the plaintiff's conditions would cause unscheduled breaks during the workday); *Hubbard v. Comm'r of Soc. Sec.,* No. 11-11140, 2012 WL 883612, at *7 (E.D. Mich. Feb. 27, 2012), *report and recommendation adopted*, No. 11-11140, 2012 WL 858636 (E.D. Mich. Mar. 14, 2012) (reversing and remanding

with directions to the ALJ to determine the frequency of the plaintiff's unscheduled bathroom breaks and their effect on the plaintiff's ability to work).

Again, while an ALJ is not required to "discuss every piece of evidence in the record[,]" *Conner v. Comm'r of Soc. Sec.*, 658 F. App'x 248, 254 (6th Cir. 2016), her decision cannot be upheld if it is based on a "selective review" of the evidence. *Howard v. Barnhart*, 376 F.3d 551, 554 (6th Cir. 2004). "[I]f there is conflicting evidence which is material to the outcome of the case, but the ALJ fails to resolve it, the denial of benefits is not substantially justified." *McClellan v. Comm'r of Soc. Sec.*, No. 2:10-cv-118, 2012 WL 7822215, at *3 (E.D. Tenn. Jan. 26, 2012), *report and recommendation adopted sub nom. McClellan v. Astrue*, 2013 WL 1292667 (E.D. Tenn. Mar. 28, 2013) (citing *Howard*, 376 F.3d at 554). In this case, the ALJ failed to resolve the inconsistencies pertaining to the frequency, duration, and urgency of Plaintiff's restroom breaks with the vocational experts' testimony that not even two additional fifteen-minute breaks would be tolerated. Her failure to do so constitutes reversible error.

For all the foregoing reasons, Plaintiff's Statement of Errors is well taken.[3]

**B.     Remand**

A remand is appropriate when the ALJ's decision is unsupported by substantial evidence or when the ALJ failed to follow the Administration's own regulations and that shortcoming prejudiced the plaintiff on the merits or deprived the plaintiff of a substantial right. *Bowen*, 478 F.3d at 746. Remand may be warranted when the ALJ failed to provide "good reasons" for rejecting a treating medical source's opinions, *see Wilson*, 378 F.3d at 545-47; failed to consider

---

[3] In light of the above discussion, and the resulting need to remand this case, an in-depth analysis of Plaintiff's other challenges to the ALJ's decision is unwarranted.

certain evidence, such as a treating source's opinions, *see Bowen*, 478 F.3d at 747-50; failed to consider the combined effect of the plaintiff's impairments, *see Gentry*, 741 F.3d at 725-26; or failed to provide specific reasons supported by substantial evidence for finding the plaintiff lacks credibility, *see Rogers*, 486 F.3d at 249.

Under sentence four of 42 U.S.C. § 405(g), the Court has authority to affirm, modify, or reverse the Commissioner's decision "with or without remanding the cause for rehearing." *Melkonyan v. Sullivan*, 501 U.S. 89, 99 (1991). Consequently, a remand under sentence four may result in the need for further proceedings or an immediate award of benefits. *E.g., Blakley*, 581 F.3d at 410; *Felisky v. Bowen*, 35 F.3d 1027, 1041 (6th Cir. 1994). The latter is warranted where the evidence of disability is overwhelming or where the evidence of disability is strong while contrary evidence is lacking. *Faucher v. Sec'y of Health & Human Servs.*, 17 F.3d 171, 176 (6th Cir. 1994).

A judicial award of benefits is unwarranted in the present case because the evidence of disability is not overwhelming and the evidence of disability is not strong while contrary evidence is lacking. However, Plaintiff is entitled to a remand to the Social Security Administration pursuant to sentence four of § 405(g) due to the problems discussed above. On remand, the ALJ should be directed to evaluate the evidence of record, including the medical source opinions, under the applicable legal criteria mandated by the Commissioner's Regulations and Rulings and by case law; and to evaluate Plaintiff's disability claim under the required five-step sequential analysis to determine anew whether Plaintiff was under a disability and whether his applications for Disability Insurance Benefits and Supplemental Security Income should be granted.

**IT IS THEREFORE ORDERED THAT**:

1. Plaintiff's Statement of Errors (Doc. #8) is **GRANTED;**

2. The Commissioner's non-disability finding is vacated;

3. No finding is made as to whether Plaintiff was under a "disability" within the meaning of the Social Security Act;

4. This matter is **REMANDED** to the Social Security Administration under sentence four of 42 U.S.C. § 405(g) for further consideration consistent with this Decision and Entry; and

5. The case is terminated on the Court's docket.

March 10, 2023

*s/Peter B. Silvain, Jr.*
Peter B. Silvain, Jr.
United States Magistrate Judge